

Exhibit "A"

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN M. FRANKLIN, | § | |
| | § | No. 106, 2004 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | in and for Sussex County |
| | § | |
| | § | |
| STATE OF DELAWARE, | § | No. 0304010407C |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

MAR 0 4 2005

Submitted: January 18, 2005
Decided: March 2, 2005

Before **STEELE,** Chief Justice, **HOLLAND** and **RIDGELY,** Justices.

### ORDER

This 2nd day of March 2005, on consideration of the parties' briefs, it appears to the Court that:

(1) A Superior Court jury convicted the defendant-appellant, John M. Franklin, of five counts of rape first degree,[1] one count of terroristic threatening[2] and one count of endangering the welfare of a child.[3] The charges involved allegations that Franklin engaged in unlawful sexual intercourse with his wife over a period of several days and threatened to cut her throat in the presence of his

---

[1] DEL. CODE ANN. tit. 11, § 773 (2005).
[2] *Id.* at § 621.
[3] *Id.* at § 1102.

Karen had told her about the multiple rapes. On appeal, Franklin contends that the SANE's testimony went beyond the issue of consent, which improperly invaded the province of the jury on an ultimate issue of fact. We review Franklin's argument under a plain error standard of review.[4]

(3) The Superior Court did not commit plain error in allowing the SANE to give an opinion on the issue of consent. Delaware Rule of Evidence 704 provides that testimony "in the form of an opinion or inference otherwise admissible is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact."[5] This Court has also held that an expert's opinion that embraces an ultimate issue in the case regarding the consensual nature of the sex does not invade the province of the jury.[6] Furthermore, the trial court instructed the jury that the issue of consent was for the jury to decide and that the jury may give as much weight to an expert's testimony as it deems appropriate. Thus, even if the SANE's testimony was inadmissible, the trial court's instruction cured any

---

[4] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.), *cert. denied*, 479 U.S. 869 (1986).
[5] D.R.E. 704.
[6] *See, e.g., Gibbs v. State*, 723 A.2d 396 (Del. 1998) (providing that an expert's opinion embracing consent to sex does not invade the province of the jury); *Wilmer v. State*, 707 A.2d 767 (Del. 1998) (holding no abuse of discretion in admitting opinion testimony that sex was non-consensual); *Glazar v. State*, 513 A.2d 780 (Del. 1985) (finding no error in admitting the expert opinion testimony that injuries were the probable result of child abuse).

references were that Franklin was going to "f---" his wife "like a name he called Darnell Bynes." Franklin argues that although the specific derogatory term he used for Darnell Bynes was never used, the repeated references to the above statement at trial violated his rights to due process and to trial by an impartial jury by improperly injecting race into the criminal proceeding.[13] We find Franklin's argument unpersuasive. Here, Franklin has failed to show that the State had a deliberate intent to create a racial bias against him so as to strengthen its case.[14] Franklin's use of the word was relevant to his state of mind and intent to rape his wife, who had an affair with Bynes. Furthermore, the trial court instructed the jury that passion, prejudice, sympathy, public opinion or motive may not influence their decision. The jury is presumed to have followed the trial court's instruction.[15]

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgments of the Superior Court are *AFFIRMED*.

BY THE COURT:

_____
Justice

---

[13] *See Holtzman v. State*, 718 A.2d 528 (Del. 1998) (holding that the admission into evidence of the alleged racial bias of a defendant violates the defendant's right of due process); *Weddington v. State*, 545 A.2d 607, 613 (Del. 1988) (providing that the improper injection of race in a criminal proceeding poses a serious threat to a defendant's right to a fair trial).
[14] *Weddington*, 545 A.2d at 614-15 (citation omitted).
[15] *Fortt*, 767 A.2d at 804; *Fuller*, 860 A.2d at 329.

5